UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO VILLEGAS, Petitioner, v. JAMES D. HARTLEY, Warden, Respondent. | 1:10-CV-00997 GSA HC<br>ORDER DISMISSING CLAIM |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).

On June 4, 2010, Petitioner filed the instant petition for writ of habeas corpus. He raises two claims for relief: 1) He contends the decision of the California Board of Parole Hearings denying him parole was arbitrary, capricious, and not supported by any evidence; and 2) He claims the terms of his plea agreement were violated by use of immutable factors to deny him parole.

**DISCUSSION**

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B. Failure to State a Cognizable Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In his second ground for relief, Petitioner alleges the plea agreement he entered into in his underlying conviction was violated. For several reasons, this claim is not cognizable and without merit. First, any claim involving the underlying conviction must be made in the district of conviction, which in this case is the Sacramento Division for the Eastern District of California. As

the substance of this petition involves the denial of parole by the parole board, the challenge to the underlying conviction must be made in a separate petition. Second, there is no merit to the claim. Petitioner states he entered into a negotiated plea agreement in which he pleaded guilty to one count of second degree murder for which he received a sentence of fifteen years *to life*. He was not sentenced to a determinate term, and he does not state he was promised a certain release date. The sentence he was given has a maximum term of life, so Petitioner was on notice at the time he entered his plea that he could potentially spend the rest of his life in prison.

**ORDER**

Accordingly, Claim Two is DISMISSED WITH PREJUDICE. The action will proceed on Petitioner's claim that the California Board of Parole Hearings violated his federal due process rights when it denied parole at his parole suitability hearing.

IT IS SO ORDERED.

**Dated: June 22, 2010** **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE